**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1431
_____

DR. SUBRINA TAYLOR,

Appellant

v.

HARRISBURG AREA COMMUNITY COLLEGE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:12-cv-00169)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2014

Before: CHAGARES, KRAUSE and SLOVITER, Circuit Judges

(Opinion filed:  August 19, 2014)
_____

OPINION
_____

PER CURIAM

        Dr. Subrina Taylor, proceeding pro se, appeals from the District Court's order

granting Defendant/Appellee Harrisburg Area Community College's ("HACC") motion

for summary judgment in Taylor's employment discrimination lawsuit. Taylor's briefs in

support of her appeal indicate that she also seeks review of the District Court's orders (1) deeming the HACC's summary judgment motion unopposed, (2) considering her amended motion to reconsider as the sole motion to reconsider, and (3) denying her motion to reconsider the order deeming the summary judgment order unopposed. We will affirm the District Court's orders.

## I. BACKGROUND

In 1993,Taylor, an African-American female, began working as a counselor/coordinator of special needs students at HACC. At the time of her 2007 resignation, she had been the Dean of Enrollment Services since 2003. Although Taylor received positive reviews for several years, by 2005 her evaluations reflected that she had problems in major areas of her job performance. In 2006, Taylor applied for the position of Vice President of Student Affairs. She was one of five people selected for on-campus interviews, but Dr. Winifred Black, a Caucasian female, was selected for the position "based on there being many strengths and 'very few weaknesses'" compared to Taylor.

In October 2006, Taylor filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that she was not promoted due to her race. While the parties were engaged in settlement negotiations, Taylor accepted an offer with Bunker Hill Community College in Massachusetts, which she concealed from HACC. When HACC found out that Taylor had accepted another job, it terminated settlement negotiations.

2

Taylor's contract at Bunker Hill Community College was not renewed, and in 2009, the Vice President of Student Affairs position at HACC opened again. Taylor once more applied for the position, and was one of five applicants provided to the search committee for further consideration. HACC did not, however, give Taylor an on-campus interview because HACC's president did not trust her, due in large part to Taylor's actions during the 2007 negotiations. Soon thereafter, Taylor filed her second EEOC charge. She alleged that she was not hired for the vice president position due to her race, and that HACC's decision not to hire her was in retaliation for her filing of the 2006 EEOC charge.

In January 2012, after receiving right-to-sue letters from the EEOC, Taylor commenced this lawsuit in the Middle District of Pennsylvania. Taylor filed her original complaint pro se, and alleged that HACC violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, by discriminating against her based on her race when it did not promote her in 2006 or re-hire her in 2010. She also claimed that HACC retaliated against her based on her filing the 2006 EEOC charge in connection with her failure to be rehired in 2010.

The procedural background of this matter is confusing at best. However, after HACC's motion to dismiss was fully briefed, Taylor retained an attorney, who filed an amended complaint. The parties engaged in several months of discovery, and HACC moved for summary judgment in October 2013. Taylor sought and received several extensions to respond to the summary judgment motion. The District Court's order

granting the final request for an extension provided that the response to the summary judgment motion was due on December 2, 2013. Taylor still did not respond. Accordingly, on January 3, 2014, the District Court granted the HACC's motion to deem the summary judgment motion unopposed pursuant to Local Rules 7.6 and 56.1.

On January 6, 2014, Taylor filed a pro se motion for reconsideration, which the District Court struck from the record because she was represented. On January 7, 2014, Taylor's attorney filed a motion to withdraw his representation and a motion for reconsideration on behalf of Taylor. The same day, Taylor filed another pro se motion for reconsideration of the January 3, 2014 order. On January 27, 2014, the District Court granted Taylor's attorney's motion to withdraw, and entered an order deeming moot the attorney's motion for reconsideration as superseded by Taylor's January 7th pro se motion.

Taylor's motion for reconsideration was based on her former attorney's alleged "egregious neglect and willful mishandling" of the case, as well as "collusion" with HACC's counsel. The District Court denied the motion, declining to find that Taylor's "negligent failure to respond to Defendant's motion was excusable or that extraordinary circumstances exist to warrant the court's reconsideration of its January 3, 2014 order. . . ." Moreover, the court rejected as "entirely unsupported" Taylor's "vague and summary reference to what can only be described as a malevolent conspiracy by her counsel to affirmatively violate his ethical duty and get the case dismissed."

The next day, the District Court entered an order granting HACC's summary judgment motion. In the accompanying memorandum opinion, the District Court concluded that Taylor did not establish a prima facie case under the three-step burden-shifting test set forth by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). After thoroughly considering the evidence, the District Court determined that Taylor failed to present any evidence that HACC's hiring decisions were racially motivated. Moreover, even assuming that Taylor could establish a prima facie case, the District Court found that HACC offered "legitimate, non-discriminatory reasons for not promoting [Taylor] in 2006 and not rehiring her in 2010, namely that [she] was not the most qualified person for the position." The District Court concluded that Taylor had "set forth no basis on which a jury could find that Defendant's proffered legitimate, nondiscriminatory reason for not hiring her was pretext for racial discrimination."

The District Court also determined that Taylor had not established a prima facie case of retaliation under Title VII based on HACC's failure to rehire her in 2010. The District Court stated that it was "not presented with any evidence that the temporal proximity between protected activity [filing the 2006 EEOC charge] and the adverse employment action was unusually suggestive of retaliatory motive." Further, there was no evidence "involving a pattern of antagonism regarding" Taylor's filing of the 2006 EEOC charge. The District Court stated that "[f]inally, when taken as a whole, the evidence certainly does not support the inference of causation. Rather, the record establishes that [Taylor's] performance . . . was less than stellar," and that Taylor's

5

"decision to mislead Defendant during the settlement negotiations was the reason [HACC's president] lost trust and confidence in [Taylor] and justifiably did not want [Taylor] in her cabinet."

Taylor now appeals.

## II. DISCUSSION

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision granting summary judgment, using the same standard applied by the District Court. See Doe v. Luzerne Cnty., 660 F.3d 169, 174 (3d Cir. 2011).

Taylor seeks review of the District Court's January 3, 2014 order deeming HACC's motion for summary judgment motion unopposed, and the January 29, 2014 order denying her motion to reconsider that order. The District Court did not err. The motion for summary judgment was, in fact, unopposed, as no response brief was filed, and Local Rules 7.6 and 56.1 gave the District Court the power to deem the summary judgment motion as uncontested. See Hollingsworth v. Perry, 558 U.S. 183, 191 (2010) (stating that district courts have discretion to adopt local rules, which have the "force of law").

Taylor also asserts that the District Court erred in denying her motion to reconsider the order deeming the summary judgment motion unopposed. We disagree.[1]

---

[1] While the District Court should not have based its decision to deny the motion to reconsider on Rule 60, which applies only to final judgments, we find that it was harmless error because under any applicable standard there was no merit in Taylor's

6

The District Court properly concluded that Taylor's failure to respond to the summary judgment motion, after seeking and receiving four extensions of time to do so, did not justify modification of its order, especially where Taylor demonstrated a pattern of disregard for the court's rules. Additionally, as the District Court explained, Taylor's counsel did not abandon her. Rather, "the email exchanges [between Taylor and counsel] show that [Taylor] was not only well apprised of the deadlines, but that she and [her] Attorney. . . were in communication regarding the extended deadlines and the need to file a response to Defendant's motion for summary judgment." Accordingly, for this and the other reasons explained by the District Court, it did not err in declining to modify the order deeming the summary judgment motion unopposed. We will therefore sustain the District Court's order.

As to the decision granting the HACC's motion for summary judgment, the District Court conducted a thorough review of the record and issued a detailed and cogent opinion discussing Taylor's claims. For essentially the reasons stated by the District Court, we agree that HACC was entitled to summary judgment. We have considered Taylor's arguments on appeal, and conclude that she has not directed us to any error that undermines our confidence in the District Court's decision. We agree with the District Court that Appellant failed to come forth with evidence establishing genuine issues of material fact with respect to her claims.

---

challenge to the order. See Farr Man & Co., Inc. v. M/V Rozita, 901 F.2d 871, 874-75 (1st Cir. 1990).

Finally, we note that the Taylor's appellate briefs concentrate on her argument that the District Court's summary judgment decision should be vacated due to alleged "fraud on the court." In support of this claim, she has attached several documents that were not part of the District Court record and that we will therefore disregard. Further, a Rule 60(d)(5) motion for relief from judgment due to fraud on the court may only be brought before the District Court. We thus lack the authority to consider Taylor's request that the District Court's order and memorandum granting the HACC's summary judgment motion be vacated due to fraud on the court.[2]

### III. CONCLUSION

For the foregoing reasons, we affirm each of the District Court's orders from which Taylor has appealed.

---

[2] Taylor cites no relevant authority—and we are aware of none—that supports her proposition that the District Court erred by ordering that her former counsel's motion for reconsideration was moot and that it was superseded by her pro se motion for reconsideration. Accordingly, we will not disturb the District Court's January 7, 2014 order.